UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>WARREN E. STEPNEY, JR.,<br><br>      Defendant. | Case No. 16-cr-30139-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* motion filed in defendant Warren E. Stepney, Jr.'s case under 28 U.S.C. § 2255 (Case No. 18-cv-1363-MJR). The judge in that case construed it as a motion for a reduction of the defendant's criminal sentence following the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and directed that it be filed in the defendant's criminal case (Doc. 70).

The Court is unable to discern any basis for relief under the First Step Act in Stepney's motion. He was not sentenced to a crack cocaine offense, so he is ineligible for relief under § 404 of the First Step Act. Indeed, he does not even ask for such relief. Stepney also objects that his prior robbery conviction was not "a crime of violence," but that classification was not used at all in determining his sentence either under the Armed Career Criminal Act or the career offender provision of the United States Sentencing Guidelines. He complains about the grouping of his offenses under U.S.S.G. § 3D1.1, but the Court cannot see how passage of the First Step Act had any impact on that grouping decision. He further vaguely seeks "relief p[u]rsuant the First Step Act of 2018" because he committed a non-violent offense. Again, the Court is unaware of any relief available under the First Step Act for non-violent offenders.

Because the Court cannot see any basis for relief for Stepney under the First Step Act, it

**DENIES** his motion for relief and for appointment of counsel **without prejudice** to a later motion specifically explaining the basis for his request (Doc. 70).

**IT IS SO ORDERED.**
**DATED:   September 23, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
