IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

WARREN E. STEPNEY, JR.,
Defendant.

Case No. 16–CR–30139–JPG

## MEMORANDUM AND ORDER

Before the Court is Defendant Warren E. Stepney, Jr.'s Motion for Relief Under *Rehaif*. (ECF No. 82). It states as follows:

> I would like to bring to the Court's attention that I fit the criteria [under *Rehaif*]. I have the same exact case as the above[-]mentioned case. I'm seeking relief and would like to bring notice to the Court . . . before the deadline.

(*Id.*). The Court appointed a public defender to assess whether Stepney has a colorable claim for relief, (ECF No. 83); but he withdrew, (ECF No. 85).

Section 922(g) of Title 18 of the U.S. Code makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. In *Rehaif v. United States*, however, the Supreme Court held that § 922(g) only applies when the Government "prove[s] both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Even so, "the knowledge element requires only that the defendant knew, at the time he possessed the firearm, that he was a felon (as pertinent here); he did not also need to know that his status prohibited him from possessing a firearm." *United States v. Nebinger*, — F.3d —, 2021 WL 509604, at *1 (7th Cir. Feb. 11, 2021). " [A] defendant seeking to withdraw a guilty plea because of *Rehaif* bears the burden of persuading the court that there is

'a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*.' " *Id.* at *2 (quoting *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020)).

Stepney cannot meet his burden of showing that he is entitled to relief under *Rehaif*. He pleaded guilty in 2017 to violating § 922(g). (ECF No. 28). "This pre-dated *Rehaif*, and so neither the indictment," (ECF No. 1), "nor the government's proffered factual basis," (ECF No. 24), "said anything about [Stepney's] knowledge of his status as a felon." *See Nebinger*, 2021 WL 509604, at *2. In any event, he had a prior conviction for residential burglary for which he was sentenced to four years' imprisonment and served 17 months.[1] (Presentence Investigation Report 8, ECF No. 34). Given that Stepney served over a year for that offense, it is improbable that he did not know he had a prior conviction "punishable by imprisonment for a term exceeding one year" when he possessed the firearm. *See* § 922(g); *e.g.*, *Nebinger*, 2021 WL 509604, at *2 ("He could not have stood before the judge and said, with a straight face, that he was unaware of his status as a person with a prior felony conviction."). The Court therefore **DENIES** his Motion for Relief Under *Rehaif*.

**IT IS SO ORDERED.**

**Dated: Tuesday, March 2, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Stepney also had a prior conviction for burglary for which he was sentenced to three years' imprisonment, though he only served six months. (Presentence Investigation Report at 7).